As to whether mere drawing of check on bank in which the drawer has no funds or credits and passing the same is false pretense, see notes in 17 L. R. A. (N. S.) 244; 27 L. R. A. (N. S.) 1032; 52 L. R. A. (N. S.) 919.

---

## In re GEORGE HAGGAR.

(203 N. W. 469.)

(File No. 5805.  Opinion filed April 18, 1925.)

1. **Criminal Law—Municipal Court—Assault—Municipal Court Held Not Without Jurisdiction to Try Simple Assault Case Under Information Also Charging Assault to Kill.**

   Municipal court held not without jurisdiction to try case, where information, though containing charge of assault with intent to kill, was intended and treated as charge of included offense of simple assault only, and defendant went to trial on such understanding without objection.

2. **Habeas Corpus—Appeal and Error—Invalidity of Municipal Court Judgment, on Ground Not Raised in Habeas Corpus Proceedings in Circuit Court, Not Considered by Supreme Court.**

   Invalidity of conviction in municipal court, because not attested by clerk, as required by Rev. Code 1919, Sec. 4958, will not be considered by Supreme Court, where not raised in, nor passed on, by circuit court in habeas corpus proceedings.

3. **Criminal Law—Sheriff—Failure to Include Copy of Judgment of Conviction in Sheriff's Warrant, Not Fatal, Where Not Prejudicial to Defendant.**

   Under Rev. Code 1919, Sec. 4940, noncompliance with Sec. 4972 by failure to include copy of judgment of conviction in sheriff's warrant is not fatal, where not shown to have prejudiced defendant.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Application by George Haggar for writ of habeas corpus. From a judgment dismissing the writ and remanding applicant to custody, he appeals. Affirmed.

*Waggoner & Stordahl,* of Sioux Falls, for Appellant.

*Hugh S. Gamble,* State's Attorney, and *Lucius J. Wall,* Assistant State's Attorney, both of Sioux Falls, for Respondent.

POLLEY, P. J.   This is an appeal from a judgment of the circuit court dismissing a write of habeas corpus, and remanding applicant to the custody of the sheriff to serve out the remainder of a sentence imposed by the municipal court of Sioux Falls.

The information on which appellant was prosecuted charges that at a specified time and place he did willfully and unlawfully attempt and offer, with force and violence, to do a corporal hurt to another without her consent and against her will, and that appellant did then and there offer and threaten to kill said person without justifiable or excusable cause, and that appellant then and there had the ability to immediately execute said offer and threat, and that he thereby did commit the crime of assault.   Appellant was tried by the court without a jury for simple assault. He was convicted and sentenced to pay a fine and serve a term in the county jail.

[1] It is contended by appellant that this information charges a felony; that the municipal court was without jurisdiction to try the case or to do more than to act as a committing magistrate; and that the trial and all subsequent proceedings are void.   This contention is without any merit whatever.   It is true there is language in the information tending to charge a felony, to wit, an assault with intent to kill, but a simple assault is included in assault with intent to kill, and it appears expressly on the face of the information that it was intended to charge a simple assault only.   It was treated as a charge of simple assault only, and appellant went to trial with that understanding and without objection.   To be tried for the lesser offense of the two he claims are included in the information was to his own benefit, and he was prejudiced.

[2]   It is contended by appellant that no valid judgment was

ever entered against appellant in said court. This contention is based on the ground that the judgment of conviction in the municipal court was not attested by the clerk of that court. That it was in due form, signed by the judge, and properly filed by the clerk is not disputed. Section 4958, R. C., provides that a judgment in a criminal case becomes "complete and effective when attested by the clerk, and filed in his office." But this question is not properly before this court for review. This proceeding was instituted in the circuit court to test the regularity of the trial and judgment in the municipal court; but the question of the attestation of the judgment in the municipal court does not appear to have been raised in the circuit court, and it is positively asserted by respondent that this question was not raised or passed upon by the circuit court. This being the case, the question will not be considered for the first time by this court.

[3] It is next contended that no proper commitment was ever issued or directed to the sheriff. Section 4872, R. C., provides that, when a judgment of conviction is entered, a certified copy of the judgment must be furnished to the officer whose duty it is to execute the judgment, and that no other warrant or authority is necessary. The warrant in this case did not contain a copy of the judgment but only a recital of the material facts, and a direction to the sheriff to take the defendant into his custody, and keep him until the judgment was complied with. But the form of this commitment in no manner prejudiced the defendant, and section 4940, R. C. 1919, provides that no departure from the prescribed pleading or proceeding, nor any error or mistake therein shall be fatal to such proceeding, unless the defendant is actually prejudiced thereby. It is not shown by appellant that he was prejudiced by such departure, therefore such error is not fatal.

The judgment and order appealed from are affirmed.

CAMPBELL, J., not present.

Note.—Reported in 203 N. W. 469. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 105, 16 C. J. Sec. 256; (2) Habeas corpus, Key-No. 113(5½), 29 C. J. Sec. 224; (3) Criminal law, Key-No. 260(11), 16 C. J. Sec. 668.